**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4769-16T1

DAWN GATTO, and
ENRICO J. GATTO,
her husband,

     Plaintiffs-Appellants,

v.

PORT AUTHORITY OF NEW YORK
& NEW JERSEY, UNITED AIRLINES,
INC., and ABM JANITORIAL
SERVICES NORTHEAST, INC.,

     Defendants,

and

CFM SERVICE CORPORATION,

     Defendant-Respondent.

_____

     Argued September 27, 2018 – Decided  October 18, 2018

     Before Judges O'Connor and Whipple.

     On appeal from Superior Court of New Jersey, Law
     Division, Middlesex County, Docket No. L-0726-15.

Eric G. Kahn argued the cause for appellants
(Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins,
PC, attorneys; Eric G. Kahn, of counsel; Annabelle M.
Steinhacker, on the brief).

James G. Serritella argued the cause for respondent
(Biancamano & DiStefano, PC, attorneys; James G.
Serritella, on the brief).

PER CURIAM

Plaintiffs Dawn Gatto and Enrico J. Gatto[1] appeal from a June 2, 2017 order granting defendant CFM Service Corporation (CFM) summary judgment dismissal.[2] For the reasons that follow, we affirm.

I

The salient facts in the motion record are as follows. At 1:15 p.m. on February 25, 2014, plaintiff passed through a metal detector in Terminal C at Newark Liberty International Airport (airport) and slipped on what she described as a small ball bearing or bearings. She fell to the floor, injuring her left arm. As she was falling, she heard the sound of ball bearings rolling

---

[1] For the balance of the opinion, the term "plaintiff" shall refer only to Dawn Gatto.

[2] Plaintiffs dismissed defendants United Airlines, Inc., and Port Authority of New York and New Jersey from the complaint with prejudice. The court granted summary judgment in favor of defendant ABM Janitorial Services Northeast, Inc., dismissing plaintiffs' complaint. For the rest of the opinion, the term "defendant" shall refer to CFM only.

around on the floor, but does not know how long the bearings were on the floor before she fell or from where they came. Plaintiff assumed the sound of the ball bearings moving around the floor was due to her striking one of them with her foot and causing the rest to scatter. Plaintiff alleges CFM, an entity that provides cleaning services for the Transportation Security Administration (TSA), which occupies space within the terminal, was negligent because it failed to inspect and to remove the ball bearings before she fell.

The deposition testimony of Ernesto Valdes, the operations manager of the airport, states that CFM entered into a contract with the TSA to provide janitorial services. According to the contract, CFM is obligated to

> provide janitorial services for space occupied by TSA at [the airport]. Generally, this space is dedicated to the screening of passengers . . . and the screening of checked baggage . . . .
>
> The TSA at [the airport] is responsible for performing screening operations of passengers and baggage. The space occupied by the TSA personnel . . . . requires janitorial services that include cleaning and trash removal. . . . TSA is obliged to contract for these services.

The contract states janitorial services are to be provided daily. Among other things, in addition to cleaning the areas occupied by the TSA, CFM must keep such areas free of debris and respond to calls throughout the day to clean

an area if there is a report of debris on the floor. CFM is also required to fill out checklists documenting the date and time a required task is completed.

Valdes testified the TSA does not permit CFM to mop or sweep any floors when passengers are in line waiting to go through the metal detector. Thus, he claimed, those areas are cleaned only between midnight and 4:00 a.m., when passengers are not usually present. However, he noted that, from 6:00 a.m. to 2:00 p.m., a CFM employee walks around those areas occupied by the TSA and looks for and removes debris, including those areas where passengers pass through metal detectors. The CFM staff also cleans up debris or spillage spotted by a TSA employee and reported to CFM. Valdes noted he does not know when a CFM employee had last inspected the area where plaintiff fell before she was injured because, although required by the contract, at that time CFM employees were not completing checklists documenting the work they performed and the time they completed it.

Following discovery, CFM moved for and was granted summary judgment dismissal. The trial court determined CFS was not negligent in the manner in which its employees performed cleaning services and, in any event, plaintiff failed to provide evidence that CFM had actual or constructive notice of the ball bearing or bearings that caused plaintiff to fall.

4

II

On appeal, plaintiff raises the following contentions for our consideration:

> POINT I: THERE REMAINS A FACTUAL QUESTION OF WHETHER CFM HAD ACCESS TO THE AREA WHERE PLAINTIFF FELL.
>
> POINT II: BY BREACHING ITS CONTRACT TO PERFORM REGULAR INSPECTIONS OF THE SECURITY LANES IN TERMINAL C DEFENDANT CFM SHOULD HAVE BEEN CHARGED WITH CONSTRUCTIVE NOTICE.
>
> POINT III: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE WHETHER DEFENDANT HAD CONSTRUCTIVE NOTICE OF THE DANGEROUS CONDITION IS A QUESTION OF FACT FOR A JURY.

Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). The court must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the

alleged disputed issue in favor of the non-moving party."  Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

"'[T]he court must accept as true all the evidence which supports the position of the party defending against the motion and must accord [that party] the benefit of all legitimate inferences which can be deduced therefrom . . . .'" Id. at 535 (citations omitted).  An appellate court "review[s] the trial court's grant of summary judgment de novo under the same standard as the trial court."  Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016).  We must hew to that standard of review.

Here, it is undisputed plaintiff was a business invitee.  A business invitee is a "person . . . invited on the premises for purposes of the owner that often are commercial or business related."  Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 433 (1993).  A landowner owes to a business invitee "a duty of reasonable care to guard against any dangerous conditions on his or her property that the owner either knows about or should have discovered."  Id. at 434.  This includes the duty to conduct "a reasonable inspection to discover latent dangerous conditions."  Ibid.

CFM contends that it did not owe plaintiff a duty of care because it did not own the premises on which plaintiff was injured.  We need not reach the

6

question whether CFM owed plaintiff a duty of care to make the subject premises safe under this or any other legal theory because, even if it does owe plaintiff such a duty, the lack of evidence showing CFM had actual or constructive notice of the ball bearings is fatal to plaintiff's claim. See Arroyo v. Durling Realty, LLC, 433 N.J. Super. 238, 243 (App. Div. 2013).

"An invitee seeking to hold a business proprietor liable in negligence 'must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident.'" Prioleau v. Ky. Fried Chicken, Inc., 223 N.J. 245, 257 (2015) (citation omitted). "[T]he mere existence of a dangerous condition does not, in and of itself, establish actual or constructive notice." Prioleau v. Ky. Fried Chicken, Inc., 434 N.J. Super. 558, 571 (App. Div. 2014), aff'd as modified, 223 N.J. 245, 258 (2015).

Here, plaintiff proffered no evidence CFM's employees had actual knowledge of the ball bearings. Constructive notice exists "when the condition existed" "'for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent.'" Troupe v. Burlington Coat Factory Warehouse Corp., 443 N.J. Super. 596, 602 (App. Div. 2016) (citation omitted). "The characteristics of the dangerous

A-4769-16T1

condition giving rise to the slip and fall" regarding the length of time the conditions existed "may support an inference of constructive notice about the dangerous condition." Ibid.

For example, in Troupe, the plaintiff slipped and fell on a berry located on the floor of the defendant clothing store. 443 N.J. Super. at 600. The court noted the plaintiff did not provide any evidence showing how long the berry was on the floor before she fell or evidence establishing defendant should have known of the berry's existence. Id. at 602. Thus, we found the trial court correctly granted defendant summary judgment dismissal on the ground the defendant had no constructive notice of the berry's presence on the floor before the plaintiff fell. Ibid.

As in Troupe, the record here is devoid of any evidence CFM had constructive notice. There is no evidence the ball bearings were present long enough for a CFM employee to have discovered and removed them before plaintiff was injured. It is not known when the ball bearings first fell on the floor or wandered into the area where plaintiff was injured. They may have first appeared on the floor simultaneously with, or just a second or two after, plaintiff's fall, or they may have been there for a longer period of time. While the CFM employee who last inspected the subject site before plaintiff fell

8

failed to document when that inspection was made, as is required by the terms of the contract, such omission does not and cannot establish when the ball bearings first appeared in the area where plaintiff fell.

Because the absence of evidence of "actual or constructive notice . . . is fatal to plaintiff's claims of premises liability[,]" see Arroyo, 433 N.J. Super. at 243, the trial court properly found CFM was entitled to summary judgment dismissal. CFM cannot be liable for injuries caused by a dangerous condition about which it had no actual or implied knowledge or notice, and no reasonable opportunity to discover and correct.

We considered CFM's remaining arguments and determined they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4769-16T1